IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ADRIAN ALDON KEATON, #02295075 § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22cv329 |
| § | |
| DIRECTOR, TDCJ-CID § | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Petitioner Adrian Aldon Keaton filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. #61). On August 1, 2025, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was denied and the case was dismissed with prejudice as time-barred. (Dkt. ##58, 59). The Court also denied a certificate of appealability. (Dkt. #58). Petitioner filed the instant Rule 59 motion on or about August 6, 2025. (Dkt. #61 at 15). Thereafter, he filed a notice of appeal (Dkt. #62) and a motion for a certificate of appealability (Dkt. #63).

Rule 59(e) permits this Court to alter or amend the judgment due to (1) an intervening change in controlling law, (2) availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or prevent a manifest injustice. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *Shackelford v. Harden*, No. 6:11CV701, 2012 WL 947668, at *1 (E.D. Tex. Mar. 20, 2012). Rule 59(e) motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. *See Russ v. Int'l Paper Co.*, 943 F.2d at 593. Additionally, Rule 59(e) motions cannot be used as a vehicle for re-litigating old

issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Chi v. United States*, No. 4:12CR155(1), 2022 WL 17347781, at *1 (E.D. Tex. Nov. 30, 2022) (quoting *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Petitioner does not demonstrate that there has been an intervening change in controlling law or a need to correct manifest errors of law or fact. Rather, Petitioner reurges the same arguments previously raised or raises new arguments which could, and should, have been made before the judgment issued. Petitioner's Rule 59(e) motion is thus nothing more than a "second bite at the apple." Additionally, Petitioner appears to raise issues and arguments related to his pending civil rights case. The Court declines to address these arguments as they are not relevant to the habeas action. Thus, Petitioner fails to show that the Final Judgment should be altered or amended.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability "is required to appeal the denial of a Rule 59(e) motion in a habeas case." *Mitchell v. Davis*, 669 F. App'x 284, 284 (5th Cir. 2016) (per curiam) (citing *Ochoa Canales v. Quarterman*, 507 F.3d 884, 887–88 (5th Cir. 2007)). A certificate of appealability may issue only if a petition has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejected constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Additionally, to obtain a certificate of appealability to appeal the denial of a Rule 59(e) motion, a petitioner must show that jurists of reason could debate whether the district court abused its discretion in denying the motion. *See Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011).

Petitioner fails to meet these standards. He has not made a substantial showing of the denial of a constitutional right. Further, reasonable jurists could not debate whether the Court should have resolved Petitioner's Rule 59(e) motion in a different manner or whether his issues deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Petitioner is not entitled to a certificate of appealability as to his Rule 59(e) motion.

Finally, to the extent Petitioner seeks a certificate of appealability based on the dismissal of his habeas petition, the motion (Dkt. #63) is moot because the Court already denied a certificate of appealability. (Dkt. #58).

It is accordingly **ORDERED** that Petitioner's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. #61) is **DENIED**. It is also **ORDERED** that a certificate of appealability is **DENIED** as to the Rule 59(e) motion. It is further **ORDERED** that Petitioner's motion for a certificate of appealability (Dkt. #63) is **DENIED** as to the dismissal of his habeas petition.

**IT IS SO ORDERED.**

SIGNED this 11th day of September, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE